**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:				September 11, 2009

Courtroom Deputy:	Nel Steffens
Court Reporter:		Suzanne Claar
Probation Officer:	Kurt Thoene

**Criminal Action No.  08–cr–00045–REB**

*Parties:*                                                                  *Counsel:*

UNITED STATES OF AMERICA,                    Kasandra Carleton

    Plaintiff,

v.

1.  DONALD LEE MORA,                                   Boston Stanton

    Defendant.

**SENTENCING MINUTES**

**1:33 p.m.     Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1** [#55], filed August 13, 2008, is **GRANTED**;

    - the **Government's Motion to Dismiss Counts One and Two of the Superseding Indictment** [#56], filed August 13, 2008, is **GRANTED**;

    - the **Government's Second Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1** [#78], filed August 3, 2009, is **GRANTED**;

    - the **Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b)** [#79], filed August 28, 2009, is **GRANTED**;

    - the **Government's Motion to Dismiss Counts One and Two of the Indictment** [#80], filed August 28, 2009, is **DENIED as moot**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts Three, Four, and Five of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **eighty-one months** on each of Counts Three, Four, and Five, to be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years** on Counts Three and Four, and **five years** on Count Five, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    • all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    • all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    • the following explicit or special conditions of supervised release:

        • that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        • that the defendant shall not possess or use illegally controlled substances;

        • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        • that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        • that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at

>       least two periodic tests for the use of controlled substances as directed and determined by the court;
>
> - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;
>
> - that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;
>
> - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

7. That no fines are imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $300.00;

9. That the defendant shall pay restitution for the benefit of the victims identified on the record in open court, payable to the care of the Clerk of the Court in full in the amount of $39,472.00, and to the extent of $10,288.00, to be paid jointly and severally with co-defendant Robert Anthony Ulibarri, to be paid in installments of not less than $300.00 per month during the term of supervised release as directed by his probation officer; provided that interest on restitution is waived;

10. That the defendant is remanded to the custody of the United States Marshal; and

11. That the court recommends to the Bureau of Prisons that the defendant be separated from persons identified on the record; the court further

        recommends that the Bureau of Prisons place the defendant in a facility at Englewood, Stafford, or Springfield for service of sentence.

The Defendant waives formal advisement of appeal.

**2:16 p.m.     Court in recess.**

Total time in court:   00:43

Hearing concluded.